

FILED

12/23/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0537

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 21-0537

FRANK L. HART and OPAL A. HART,

Plaintiffs and Appellees,

v.

GEORGE W. HALE aka GEORGE WILLIAM HALE, individually and as Personal Representative of the Estate of Cecil Elmer Hal, Personal Representative of the Estate of Volney Hale, and Co-Trustee of the Hale Family Trust Dated 3/13/2019; HEIRS OF JACK E. HALE, DECEASED; HEIRS OF STEVE M. HALE, DECEASED, DAVID E. HALE; WINONA M. HALE; and DEEANN HALE, Trustee of the Hale Family Trust Dated 3/13/2019; HEIRS OF JACK E. HALE, DECEASED, HEIRS OF STEVE M. HALE, DECEASED; DAVID E. HALE; WINONA M. HALE; AND DEEANN HALE, Trustee of the Hale Family Trust dated 3/13/2019; UNKNOWN HEIRS OF CECIL HALE; UNKNOWN HEIRS OF VOLNEY HALE; AND ALL OTHER PERSONS, UNKNOWN, CLAIMING OR WHO MIGHT CLAIM ANY RIGHT, TITLE, ESTATE OR INTEREST IN OR LIEN OR ENCUMBRANCE UPON THE REAL PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO THE PLAINTIFF'S OWNERSHIP OR ANY CLOUD UPON PLAINTIFFS' TITLE THERETO, WHETHER SUCH CLAIM OR POSSIBLE CLAIM BE PRESENT OR CONTINGENT,

Defendants.

O R D E R

GEORGE W. HALE aka GEORGE WILLIAM HALE, individually and as Personal Representative of the Estate of Cecil Elmer Hal, Personal Representative of the Estate of Volney Hale, and Co-Trustee of the Hale Family Trust Dated

3/13/2019;

Counterclaimants and Appellants,

FRANK L. HART and OPAL A. HART;
MONTANA DEPARTMENT OF REVENUE; and
ALL OTHER PERSONS UNKNOWN,
CLAIMING OR WHO MIGHT CLAIM ANY
RIGHT, TITLE, ESTATE OR INTEREST IN OR
LIEN OR ENCUMBRANCE UPON THE REAL
PROPERTY DESCRIBED IN THE COMPLAINT
ADVERSE TO THE PLAINITTT'S OWNERSHIP
OR ANY CLOUD UPON PLAINTIFFS' TITLE
THERETO, WHETHER SUCH CLAIM OR
POSSIBLE CLAIM BE PRESENT OR
CONTINGENT,

Counter-Defendants.

This Court reviews briefs to ensure compliance with Rules 11 and 12 of the Montana Rules of Appellate Procedure. After reviewing the Appellants' opening brief filed on December 22, 2021, this Court has determined that the brief does not comply with the Rules and must be resubmitted.

M. R. App. P. 2(4) requires the caption of an appeal to "list the parties in the same order as the caption used in the district court, with the addition of the designations 'appellant' and 'appellee' as appropriate." The Appellants' opening brief does not list the parties in the same order as the caption used in the district court.

M. R. App. P. 11(4)(e) requires a certificate of compliance, which states the document's line spacing and that the document complies with word and/or page count limits. While the Appellants' opening brief contains a certificate of compliance, it does not contain the word count of the document.

M. R. App. P. 11(6)(a) requires the front cover of the brief of an appellant be blue. The front cover of the Appellants' opening brief is not blue.

M. R. App. P. 12(1)(f) requires a summary of the argument which "shall contain a succinct, clear, and accurate statement of the arguments made in the body of the brief[.]"

While the Appellants' opening brief contains a section entitled "Summary of Argument," it is over eight pages long and encompasses all of the Appellants' arguments.

M. R. App. P. 12(1)(g) requires a brief to contain an argument section, distinct from the summary of the argument, which contains the "contentions of the appellant with respect to the issues presented and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on[.]" The Appellants' opening brief does not contain a separate argument section.

M. R. App. P. 12(1)(i) requires that an appellant must attach an "appendix that includes the relevant judgment, order(s), findings of fact, conclusions of law, jury instruction(s), ruling(s), or decision(s) from which the appeal is taken together with any written memorandum or rationale of the court, and those pages of the transcript containing any oral ruling in support." While the Appellants have provided the District Court's final judgment order, their appendix does not contain the relevant summary judgment order from which they appeal.

Therefore,

IT IS ORDERED that the signed original and seven copies of the referenced brief be returned for revisions necessary to comply with the specified Rules;

IT IS FURTHER ORDERED that a signed original and seven copies of the revised brief ordered herein be filed within ten (10) days of the date of this Order with the Clerk of this Court and that one copy of the revised brief be served on each counsel of record;

IT IS FURTHER ORDERED that no changes, additions, or deletions other than those specified in this Order may be made to the brief as originally filed;

IT IS FURTHER ORDERED that the postage costs for returning the referenced copies of Appellants' brief will be billed to Appellants by the Clerk of this Court and shall be due and payable upon receipt; and

IT IS FURTHER ORDERED that the times for any subsequent briefing contained in M. R. App. P. 13 shall run from the date of filing of the revised brief.

The Clerk of this Court is directed to mail a true copy of this Order to Appellants and to mail a true copy of this Order to all counsel upon whom the brief was served.

DATED this 23rd day of December, 2021.

For the Court,

By _____

Justice